UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FRANCISCO PORTELA-MORA,

        Petitioner,

v.                            Case No. 2:26-cv-13-JES-DNF

SECRETARY KRISTI NOEM, et al.,

        Respondents.
_____

## ORDER

Petitioner Franciso Portela-Mora has filed a motion for temporary restraining order and/or preliminary injunction. (Doc. 10). Portela-Mora asserts that he is entitled to immediate release from Immigration and Customs Enforcement (ICE) custody or, alternatively, an order enjoining Respondents from removing him from the United States or transferring him outside the Court's jurisdiction. (Id. at 3). The motion is denied.

### I. Background

Portela-Mora is a native of Cuba who has lived in the United States for more than 30 years. (Doc. 12 at 3). He was paroled into the U.S. as a refugee on November 2, 1995. (Id.) Due to his criminal record, he was ordered deported on December 15, 2010. (Id. at 4). However, the Cuban government has refused to issue travel documents or accept the repatriation of most Cuban nationals with final removal orders. (Id.) Thus, Portela-Mora was released

from custody under an order of supervision. (Id. at 4). He was re-detained on December 29, 2025 and has remained in ICE custody since. (Id. at 5). He asserts that Cuba has still not agreed to accept him, and he does not have written notice of the grounds on which his supervised release was revoked. (Id. at 6).

## II. Discussion

As noted, Portela-Mora asks the Court to either release him or alternatively, enjoin his removal from the United States or his transfer from the jurisdiction of the Middle District of Florida. The motion is denied.

First, a motion for a preliminary injunction is not appropriately used as a vehicle for final relief on the merits. Heckler v. Redbud Hosp. Dist., 473 U.S. 1308, 1314 (1985). Portela-Mora asserts that he is being held without required due process and asks the Court to order his release from ICE custody. In short, he offers the same arguments and seeks the same ultimate relief as his complaint. While the Court is sympathetic to the frustration caused by delays in litigation, the overwhelming number of habeas petitions filed in the past two months—with many of the petitioners seeking emergency injunctive relief—has resulted in inevitable delays. The Court will consider the issues in these petitions as expeditiously as possible.

Next, to the extent Portela-Mora asks the Court to stay his removal from the United States until this case is resolved, the

2

Court lacks jurisdiction to do so. Title 8 U.S.C. § 1252(g), imposes a strict limit on judicial power:

> Except as provided in this section and notwithstanding any other provision of law . . . no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

Id. The Supreme Court has explained that § 1252(g) applies narrowly to three specific actions: commencing proceedings, adjudicating cases, and executing removal orders. See Reno v. Am.-Arab Anti-Discrimination Comm., 525 U.S. 471, 482 (1999). Portela-Mora essentially asks the Court to order the government not to remove him, albeit temporarily. His motion implicates § 1252(g) because an order staying removal is a challenge to the Attorney General's decision to "execute [a] removal order." 8 U.S.C. § 1252(g). The Eleventh Circuit has explicitly determined that § 1252(g) divests district courts of subject matter jurisdiction to review challenges to the execution of removal orders, including stays of any such orders. See Camarena v. Dir., Immigr. & Customs Enf't, 988 F.3d 1268, 1271-74 (11th Cir. 2021) (holding that § 1252(g) precluded relief on a habeas petition that sought to "stay [petitioner's] removal" pending resolution of her applications for administrative relief).

3

Finally, there is no need to enjoin Respondents from transferring Portela-Mora from the Middle District of Florida. "[J]urisdiction attaches upon the initial filing of the §2241 petition and will not be destroyed by a petitioner's subsequent Government-effectuated transfer and accompanying change in physical custodian." Villa v. Normand, No. 5:25-CV-89, 2025 WL 3113200, at *4 (S.D. Ga. Oct. 16, 2025); Mujahid v. Daniels, 413 F.3d 991, 994 (9th Cir. 2005) ("If a § 2241 petition must be transferred every time the petitioner is transferred, it is doubtful that the case would ever be decided."). In short, Portela-Mora's transfer outside of the Middle District of Florida would not render his petition moot. Thus, an order enjoining Portela-Mora's transfer would be superfluous. We do not issue injunctions to prevent harms that legally cannot happen. Cf. Santillanes v. U.S. Parole Comm'n, 754 F.2d 887, 888 (10th Cir. 1985).

### III. Conclusion

Portela-Mora may proceed with his habeas challenge here and the Court will review his petition as expeditiously as possible. But if he wishes to pause execution of his removal order, he must look elsewhere because this Court does not have jurisdiction to enter such an order. See Lee v. U.S. Dep't of Just., No. 1:24-CV-984-ELR-JSA, 2024 WL 6081682, at *1-2 (N.D. Ga. Apr. 9, 2024) ("[T]he courts of appeals are the sole and exclusive means for

4

judicial review of a removal order[.]"). Likewise, the Court retains jurisdiction over Portella-Mora's habeas petition even if he is transferred to another ICE facility.

Accordingly, Portela-Mora's motion for a temporary restraining order and/or preliminary injunction (Doc. 10) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida on February 2, 2026.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

5